# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **FAUSTINO CEDENO-PEREZ** | * | **CIVIL ACTION NO. 05-1646** |
| **VERSUS** | * | **JUDGE JAMES** |
| **ALBERTO GONZALEZ, ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 (Doc. #1) filed by Petitioner, Faustino Cedeno-Perez ("Perez"), on September 16, 2005. The Government has filed a response to Perez's petition. (Doc. #10). For reasons stated below, it is recommended that Perez's petition be **DISMISSED without prejudice.**

## BACKGROUND

Perez is a native and citizen of the Dominican Republic. On March 22, 1999, Perez first entered the United States through Puerto Rico. He was charged as an alien present in the U.S. who had not been admitted or paroled and was ordered removed to his native country of the Dominican Republic on May 4, 1999. On November 18, 2001, Perez was apprehended by the British Virgin Islands Marine Unit, after his vessel was intercepted for drug smuggling. He was paroled into the U.S. on November 23, 2001, for prosecution and was sentenced to 3 1/2 years detention. Subsequently, Perez's removal proceedings were administratively closed and the United States Immigration and Customs Enforcement ("ICE") petitioned the Immigration Court to reopen the proceedings and transfer venue to Atlanta, where Perez was being detained. On December 20, 2005, Perez was ordered removed from the U.S. to his last port of entry.

Perez filed this petition challenging his post-removal detention under the framework the United States Supreme Court established in *Zadvydas v. Davis*, 533 U.S. 678 (2001) and *Clark v.*

*Martinez*, 543 U.S. 371 (2005)[1], claiming that the presumptively reasonable six-month detention period has expired and there is no significant likelihood of his removal in the reasonably foreseeable future. Perez argues that he has been detained longer than six months because he was taken into ICE custody on March 23, 2005. He also alleges that he has never received a 90-day administrative custody review.

## LAW AND ANALYSIS

In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. §2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal. In *Zadvydas*[2], the Supreme Court held that 8 U.S.C. § 1231(a)(6), the post-removal-order detention statute, implicitly limits an immigrant's detention to a period reasonably necessary to bring about that immigrant's removal. *Id.* at 688-98. The Court, however, noted that the statute does not permit indefinite detention; the "reasonably necessary" detention period should be limited to six months after the removal order becomes final. *Id.* at 697-702. After that six month period expires, and the immigrant demonstrates that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must furnish sufficient rebuttal evidence. *Id.*

In the present matter, ICE's detention of Perez has yet to exceed the six-month "reasonably necessary" period identified in *Zadvydas*. Perez's removal order did not become final until December 20, 2005. The six-month "reasonably necessary" detention period will not

---

[1] Incorrectly cited by Petitioner as *Martinez-Benitez v. ICE*, Supreme Court of the United States, October 13, 2004 argued; January 12, 2005, decided (pg. 4 of petition) and *Benitez v. ICE*, 543 U.S. 03-878, 03-7434 (Jan. 2005) (pg. 6 of petition).

[2] The Supreme Court recently extended its holding in *Zadvydas* to inadmissible aliens in *Clark v. Martinez*, 543 U.S. 371 (2005).

expire until June 20, 2006.  In addition, the 90-day administrative custody review period also has not expired.  "After entry of a final removal order and during the 90-day removal period, however, aliens must be held in custody. § 1231(a)(2).  Subsequently, as the post-removal-period statute provides, the Government "may" continue to detain an alien who still remains here or release that alien under supervision. § 1231(a)(6)." *Zadvydas* at 683.  The 90-day removal period will not expire until March 20, 2006.  Therefore, Perez's habeas petition is premature, and it is recommended that his petition be **DISMISSED without prejudice.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 28th day of February, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE